[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue to be determined by the court is when a cost "accrues" for the purposes of awarding it to a plaintiff who obtains a verdict less than an offer of judgment. This court holds that such a cost accrues when it becomes a fixed obligation to pay.
General Statutes § 52-195 (b) sets out the costs to which a prevailing plaintiff is entitled when he has received a verdict but the amount the jury awards is less than what the plaintiff offered in settlement. It provides in pertinent part that "[U]nless the plaintiff recovers more than the sum named with interest from its date, he shall recover no costs accruing after he received notice of the filing of such offer . . ." (Emphasis supplied).
As used in law the word accrue has a meaning which differs from the ordinary meaning of the term.[1]
The Court holds that for the purposes of § 52-195 (b) the word accrue means "becomes a fixed obligation."
On November 11, 1997, the plaintiff's attorney made a firm commitment to pay the plaintiff's medical expert $3000.00. The court holds that this cost "accrued" on that November 11, 1997 date. Although the doctor ultimately did testify, this charge was non refundable regardless of whether the doctor testified since he canceled appointments upon agreeing to make himself available that day. The defendant's offer of judgment was not made until November 14, 1998. The plaintiff did not accept it. The CT Page 7642 plaintiffs received a verdict on November 18, 1997 for $45000.00 less that what the defendant had offered. The court holds that although the Doctor had not testified on November 11, 1997 or on November 14, 1997, the plaintiff's duty to pay him had become a vested obligation. It had accrued. The plaintiff is therefore entitled to his $3000.00 costs for the fee charged under provisions of § 52-195 (b) because it accrued before, not after, the defendant's offer of judgment.
The objection to the bill of costs is overruled.
The Clerk is ordered to enter judgment on the verdict and tax costs in accordance with the plaintiff's Bill of Costs in the amount of $3,321.40., which includes the $3000.00 in dispute and other taxable costs about which there was no controversy.
FLYNN, J.